Aug. 10, 1876. }                      BODGE *v.* BUTLER.

*Attorney's authority—Referee's report.*

If an attorney of the court enter an appearance for a party without authority, such party is not defaulted so long as he is so represented in court, and does not repudiate the attorney's action.

One of several defendants neglecting to appear before the referee, the referee assessed damages against him, and found a verdict in favor of another defendant. The plaintiff elected a trial by jury. *Held,* that the defendant, against whom damages has been so assessed, had a right to a jury trial.

From Strafford Circuit Court.

Trespass, under the statute of 1870, in amendment of ch. 99 of the Gen. Stats. It is the same case as reported in *Bodge* v. *Hughes,* 53 N. H. 614. It was referred under the act of 1874. The referee gave notice of a hearing, and Hughes, one of the defendants, appeared, but the defendant Butler did not appear.

The referee heard the parties, and reported in favor of the defendant Hughes, and, as to the other defendants, assessed the damages in favor of the plaintiff.

Upon the return of the report, February term, 1875, the plaintiff elected trial by jury, and the action was continued to September term. Hughes died after February term, 1875, and the action was dismissed as to him. Counsel appeared generally on the docket for all the parties, but it appeared that they were not employed or authorized

by Butler prior to the February term, 1876, and the plaintiff objected that the defendant Butler was not entitled to be heard before the jury; but the court ruled that the plaintiff, having elected to try the case by the jury, Butler, upon the foregoing facts, was entitled to a jury trial. To this ruling the defendants excepted.

Upon the trial the defendants offered the report of the referee upon the question of damages, to which the plaintiff objected; but the court admitted it, and the plaintiff excepted. In the argument the report was not alluded to by the counsel on either side; but the court instructed the jury that it was evidence competent to be weighed by them upon any of the points in the case.

The jury having returned a verdict for the defendant Butler, the plaintiff moves to set the same aside, and for a new trial for supposed error in the foregoing rulings. The case was transferred by STANLEY, J., C. C.

*Wheeler,* for the plaintiff.

*Hobbs* and *J. G. Hall,* for the defendants.

CUSHING, C. J. Two questions arise in this case. First, as to the *status* of the defendant Butler in court, and his right to a trial by jury on the report. Second, as to the admission of the report against the plaintiff's objection.

The defendant Butler, as it appears from the case, was not defaulted. Ordinarily, in our practice, counsel is not obliged to produce a warrant of attorney to entitle him to appear in an action, but the fact of his appearance furnishes *prima facie* evidence of his authority. Doubtless, if Butler did not authorize the appearance, and it was necessary for the protection of his rights to do so, he might be permitted to show that the attorney was not authorized to appear, and to have the appearance cancelled; but until this was done he was represented in court, and had not been defaulted. *Leavitt* v. *Wallace,* 12 N. H. 490.

It seems that the referee, by his report, found Butler guilty, and assessed the damages. The plaintiff elected a jury trial. Independently of the 68th Rule, I do not see that Butler had lost his right to a jury trial by neglecting to go before the referee. I see no reason why, if he chose to do so, he might not permit the report to be made up against him, and still go to trial before the jury. His failure to appear before the referee was not a default in court. By not appearing before the referee he exposed himself, under the 68th Rule, to such a report as might have been the occasion for a judgment against him by default. This course was not taken. Instead of it, the referee proceeded to try Butler, and assess the damages against him. Whatever might have happened if the 68th Rule had been followed need not now be settled. The referee instead of following that rule assessed damages against Butler, and the plaintiff, acquiescing in that determination, elected a trial by jury. Butler was in court; he had not been de-

faulted, and there was nothing apparent on which to found a motion for default. In such a state of facts there was nothing that I can see which ought to have deprived Butler of a jury trial with the rest. The other party had a right to elect a jury trial, and Butler was no more confined to the referee's award on the question of damages than on any other part of it. He had not been defaulted, and it was his right to go to the jury, under the statute.

What the effect of the admission of the report against the plaintiff's objection might have been under other circumstances is not necessary to decide. As there were no damages to assess, the report on that subject could have been of no consequence, and the report in favor of the plaintiff on the issue of not guilty could not have prejudiced him before the jury. It is well enough settled that a verdict will not be set aside for the improper admission of testimony by which the party objecting could not have been prejudiced. *Currier* v. *Boston & Maine Railroad*, 34 N. H. 507; *Chamberlain* v. *Davis*, 33 N. H. 128; *Watson* v. *Walker*, 33 N. H. 145.

LADD and SMITH, JJ., concurred.

*Judgment on the verdict in favor of Butler.*